FILED

2016 JAN 26

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMAN RAZUKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, LLC; EQUITY RESIDENTIAL; ERP OPERATING LIMITED PARTNERSHIP;<br><br>Defendants. | Case No.: 15-CV-1057-BEN (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING EQR AND ERP-OP'S MOTION TO DISMISS**<br><br>**(2) GRANTING ERM'S MOTION TO DISMISS**<br><br>**(3) DENYING ERM'S MOTION TO STRIKE** |

Before this Court are three motions filed by the Defendants pursuant to Federal Rule of Civil Procedure 12. Defendant Equity Residential Management, LLC ("ERM") filed a Motion to Dismiss Counts II, III, and IV of the First Amended Complaint ("FAC") and a Motion to Strike. (Docket Nos. 17, 18.) Defendants Equity Residential ("EQR") and ERP Operating L.P. ("ERP-Op") filed a Motion to Dismiss, arguing they are improper defendants. (Docket No. 16.) EQR and ERP-Op also join in ERM's motions.

## BACKGROUND

On July 13, 2015, Plaintiff Homan Razuki filed the FAC, alleging claims of unfair business practices, negligence, unjust enrichment, and conversion under California law.

(Docket No. 11.)

According to the FAC,[1] ERM and EQR own, control, manage, and/or are the alter egos of Vantage Pointe Apartments in San Diego. (FAC ¶¶ 9-10.) EQR is the general partner of ERP-Op. (FAC ¶ 10.) All Defendants are also alleged to be the alter egos of the Vantage Pointe Apartments property. (FAC ¶¶ 9, 10, 12.)

Plaintiff asserts that he signed a lease agreement with Defendants. (FAC ¶¶ 13, 17.) The lease contained a late fee provision, which provided that the lessee must pay a late fee in the amount of five percent of his monthly rent, not less than $50, if he did not pay his rent on time. (FAC ¶ 17.) Plaintiff attests that he was charged a $94.25 late fee, which he paid. (FAC ¶ 18.) Finally, Plaintiff claims that Defendants use the same or similar standard form leases for all of their California properties. (FAC ¶ 17.)

Based on the premise that the assessed late fees are a violation of California Civil Code § 1671, Plaintiff brings this class action lawsuit on behalf of all current and former California tenants of Defendants within the last four years. (FAC ¶ 19.)

## LEGAL STANDARD

### I. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1] Unless otherwise noted, the following background is drawn from the allegations in the FAC. The Court is not making any factual findings, instead only summarizing the relevant facts alleged for purposes of evaluating Defendants' motions.

## II.  Motion to Strike

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). In ruling upon a motion to strike, a court must view the pleadings in a light most favorable to the nonmoving party. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Motions to strike are not favored, and will not be granted unless the "matter to be stricken could have no possible bearing on the subject matter of the litigation." *Chan v. Chancelor*, No. 09-cv-1839, 2011 WL 5924281, at *2 (S.D. Cal. Nov. 28, 2011) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).

## DISCUSSION

The Court's subject matter jurisdiction over this case is based upon diversity jurisdiction under 28 U.S.C. § 1332(d). The Court will therefore apply California law to Plaintiff's substantive claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## I.  EQR and ERP-Op's Motion to Dismiss[2]

Defendants argue that they are not the legal title holders to Vantage Pointe Apartments, nor do they serve as agents in charge of the day-to-day operational activities for the property. (Docket No. 16, Mot. at 1-2.) As such, they argue that they are improper Defendants and must be dismissed. Plaintiff argues that legal title is irrelevant to his case and that he has sufficiently pleaded his claims.

Here, in addition to being the alter egos of each other and the subject property, Plaintiff alleges that EQR and ERP-Op own and/or manage Vantage Pointe Apartments.

---

[2] The Court declines to incorporate by reference the extrinsic evidence provided by the parties.

3

The same property at which Plaintiff was charged a late fee. He also claims that EQR and ERP-Op use the same standard form lease agreement at other California properties. It is reasonable to expect that discovery will reveal evidence of these allegations. *See Twombly*, 550 U.S. at 556.

Taking the facts alleged in the FAC as true, these allegations are sufficient to connect EQR and ERP-Op to the alleged violations. Accordingly, the motion to dismiss is **DENIED**.

II.   **ERM's Motion to Dismiss**

A. Negligence

Plaintiff claims the Defendants acted negligently by "selecting and supervising their agents so as to improperly charge late fees to Plaintiff." (Compl. ¶ 44.) Defendants argue that this negligence claim fails because they do not owe a duty to Plaintiff. Plaintiff contends that Defendants owe a general duty of care.

In California, people have a duty "to use ordinary care to prevent others being injured as the result of their conduct." *Rowland v. Christian*, 69 Cal. 2d 108, 112 (1968). "[T]he care required must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated." *Warner v. Santa Catalina Island Co.*, 44 Cal. 2d 310, 317 (1955). A plaintiff's claim for negligence must show a (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). Whether a duty exists is a question of law. *Artiglio v. Corning Inc.*, 18 Cal. 4th 604, 614 (1998).

Here, Defendants use and enforce a standard form lease agreement. Presumably, each tenant agrees to the late fee provision before moving into the property. The danger here is having to pay a late fee. Even if the late fee provision—to which Plaintiff agreed—were unenforceable, no duty of care should be required where the danger is minimal and the Plaintiff can avoid it completely. *C.f. Krongos v. Pac. Gas & Electric Co.*, 7 Cal. App. 4th 387, 393 (1st Dist. 1992) ("Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning,

and the landowner is under no further duty to remedy or warn of the condition."). This Court is not aware of any precedent, nor have the parties provided any, which provides for tort remedies for the alleged negligent performance of a contract. No duty exists here. *See Avila v. Citrus Cmty. Coll. Dist.*, 38 Cal. 4th 148, 160 (2006) ("The existence of duty is not an immutable fact of nature but only an expression of the sum total of considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.") (internal citations, quotation marks, and emphasis omitted). The motion to dismiss Count II is therefore **GRANTED**.

### B. Unjust Enrichment

Defendants argue that Plaintiff's unjust enrichment claim should be dismissed because it is no longer recognized as a cause of action. Plaintiff contends that because courts are split on whether unjust enrichment is a claim, it should be allowed to proceed.

California does not recognize unjust enrichment as a cause of action. *Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2013) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (4th Dist. 2010) ("There is no cause of action in California for unjust enrichment.") (citations omitted)); *see also Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2d Dist. 2003) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.").

Plaintiff fails to cite recent persuasive or binding authority in support of his position. Accordingly, the motion to dismiss Count III is **GRANTED**.

### C. Conversion

Defendants argue that Count IV must be dismissed because no special relationship exists to support Plaintiff's claim for conversion. Plaintiff argues that a special relationship is not required.

Conversion occurs when someone wrongfully exercises dominion over the personal property of another. *Steele v. Marsicano*, 102 Cal. 666, 669 (1894). To establish a claim for conversion, the plaintiff must show "the plaintiff's ownership or

right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 451 (3d Dist. 1997) (quoting *Oakdale Vill. Grp. v. Fong*, 43 Cal. App. 4th 539, 543-44 (3d Dist. 1996)).

Where the subject property of a conversion claim is money, the claim may proceed in limited circumstances where the sum of money is specific and identifiable. *Haigler v. Donnelly*, 18 Cal. 2d 674, 681 (1941); *Baxter v. King*, 81 Cal. App. 192, 194 (1st Dist. 1927). Conversion of money claims are permitted where "an agent accepts an identifiable sum of money to be paid to another but fails to make that payment." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1179-80 (S.D. Cal. 2010) (citing *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 396 (2d Dist. 2007)).

Here, Plaintiff alleges Defendants unlawfully converted the sum of $94.25. The sum is specific and identifiable. However, the facts of the instant case are unlike the facts of cases where conversion claims have been allowed to proceed. *See Haigler*, 18 Cal. 2d at 681; *Fischer v. Machado*, 50 Cal. App. 4th 1069, 1072-74 (3d Dist. 1996) (sales agent liable for conversion when he failed to turn over money to principal); *Weiss v. Marcus*, 51 Cal. App. 3d 590, 599 (2d Dist. 1975). In this case, Plaintiff leased an apartment from Defendants and was aware of the late fee provision in his lease agreement. After paying his rent late, Plaintiff was charged and did pay the late fee pursuant to his agreement. No third party is involved in this case. This case is more similar to the overcharge cases where courts have dismissed conversion of money claims. *See Williamson v. Reinalt-Thomas Corp.*, No. 11-cv-3548, 2012 WL 1438812, at *4-5 (N.D. Cal. Apr. 25, 2012) (plaintiff sought recovery of an undisclosed five dollar fee charged during tire replacement service); *Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. 07-cv-2231, 2008 WL 1946859, at *8 (S.D. Cal. Apr. 25, 2008) (court dismissed conversion claim where plaintiff sought refund of overpayments of cell phone bills). The motion to dismiss Count IV is therefore **GRANTED**.

### III. ERM's Motion to Strike

Defendants argue that Paragraph 32 of the FAC should be stricken as impertinent and immaterial. More specifically, they contend that Plaintiff cannot recover treble damages because he has not asserted a claim that supports treble damages.

In the Ninth Circuit, courts are not authorized under Federal Rule of Civil Procedure 12(f) to "strike a claim for damages on the ground that such damages are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010).

Paragraph 32 states, "Plaintiff is informed and believes, and based thereon alleges, that certain members of the Class are 'senior citizens' or 'disabled persons' as defined in California Civil Code section 1761(f) and (g), and therefore are entitled to treble damages under California Civil Code Section 3345." To the extent Defendants seek to strike Paragraph 32 because Plaintiff failed to bring any claims which would support such damages and is therefore not entitled to them as a matter of law, the motion to strike is denied. *See Whittlestone*, 618 F.3d at 971. To the extent Defendants seek to strike Paragraph 32 because the factual allegations are immaterial or impertinent, the Court is not persuaded that the content has no bearing upon this litigation. *See Chan*, 2011 WL 5924281, at *2. Accordingly, the Motion to Strike is **DENIED**.

### CONCLUSION

Defendant EQR and ERP-Op's Motion to Dismiss is **DENIED**. Defendant ERM's Motion to Strike is **DENIED**. Defendant ERM's Motion to Dismiss is **GRANTED**. Counts II, III, and IV are **DISMISSED**. However, Plaintiff is granted leave to file a Second Amended Complaint ("SAC") on or before **February 15, 2016**. If Plaintiff does not file an SAC, Defendants shall file an Answer to the FAC on or before **February 22, 2016**.

**IT IS SO ORDERED.**

Dated: January __, 2016

HON. ROGER T. BENITEZ
United States District Judge